**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUN JU YI,

          Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

          Respondent.

No.   17-71217

Agency No. A076-867-246

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2018
Anchorage Old Federal Building, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

    Yun Ju Yi (Yi) challenges the denial of a waiver from the requirement that

she file a joint petition with her U.S. husband to remove the conditions on her

permanent resident status pursuant to 8 U.S.C. § 1186a(c)(4)(C). Yi argues that

she was denied due process in the immigration proceedings and that she

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

demonstrated that she was entitled to a good faith marriage waiver. We deny the petition for review.[1]

**1.** Yi asserts that she was deprived of due process because the interpreter translated her testimony as stating that she grew to "like" her husband, Nolan, rather than grew to "love" Nolan. We have recognized that due process requires an applicant be given competent translation services. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). To make out a violation of due process as a result of an inadequate translation, petitioner must demonstrate that a better translation likely would have made a difference in the outcome of the hearing. *Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir. 1993); *Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994). In addition, petitioner must show prejudice. *United States v. Ramos,* 623 F.3d 672, 680 (9th Cir. 2010).

Here, there is evidence only that the word "like" could have been translated to "love," not that it was, in fact, mistranslated. Although the Immigration Judge (IJ) noted that Yi had testified that she grew to "like" Nolan, the Board of Immigration Appeals (BIA) stated that it could not "conclude that the [IJ]'s reliance on [Yi]'s testimony that she grew to 'like' Nolan, as opposed to growing

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

to 'love' him, is significant to the [IJ]'s determination that [Yi] did not establish a bona fide marriage." This determination is supported by substantial evidence. *See Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) ("We may reverse factual determinations only when 'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." (citation omitted)). Moreover, Yi fails to establish that she suffered prejudice as a result of this potential mistranslation.

**2.** Yi's assertion that the BIA engaged in impermissible *de novo* review of the IJ's findings is not well taken. *See* 8 C. F. R. § 1003.1(d)(3)(I). The BIA did not impermissibly "re-weigh" the factors in this case. Instead of deciding whether Yi's testimony should be translated as "like" or "love," the BIA determined that any "mistranslation" was insignificant because the other evidence before the IJ was sufficient to support the IJ's finding that the marriage was not entered into in good faith.

**3.** Substantial evidence supports the agency's conclusion that Yi did not demonstrate that she entered into a good faith marriage. For us to reverse under the substantial evidence standard, "the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997); *INS v. Elias-Zacarias*, 502 U.S. 478,

3

483–84 (1992). Here, the agency based its determination that Yi failed to establish she entered into a good faith marriage with Nolan on a number of findings, including that: (1) Yi and Nolan did not commingle finances; (2) Yi and Nolan lived together for only 2 months after she received conditional permanent residency; (3)Yi and Nolan lived in separate bedrooms; and (4) there were no photographs of Yi and Nolan living as a couple. This is sufficient. Even if the agency could have concluded otherwise, the evidence does not compel such a conclusion. *See Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005) ("Although it might be possible to reach a contrary conclusion on the basis of the record, under the substantial evidence standard, the evidence presented here does not compel a finding that Oropeza met his burden of proving that the marriage was entered into in good faith.").

**4.** Because Yi has not shown that the agency was compelled to find that she entered into a good faith marriage, we need not, and do not, decide whether Yi was subject to "extreme cruelty." *See* 8 U.S.C. § 1186a(c)(4)(C).

The petition for review is denied.